FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENT J. BRANT,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LARRY W. ZEIGLER; SAMUEL P. SWANBERG; ALEX EKSTROM; DAVE PETERSEN; D. PURCELL; JULIE LEE; SEAN SANT; ALBERT LIN; DANIEL LORD FLYNN; PEYMAN YOUNESI; KEITH HILDE; AUGGIE; CRISIS COUNSELOR JULY 16, 2019; JASON MILLER; DANIEL STOVERN; MICHAEL J. KILLIAN; SHERI OERTEL; and DR. ANTOINETTE MCPHERSON-CHARLES,<br><br>　　　　Defendants. | No. 4:21-CV-05048-SAB<br><br>**ORDER DISMISSING CASE** |

**28 U.S.C. § 1915(e)(2) REVIEW**

　　28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is fails to state a claim upon which relief may be granted. When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes

**ORDER DISMISSING CASE *1**

them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## PLEADING REQUIREMENT

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not contain "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 679 (citations and quotations omitted).

An amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

**ORDER DISMISSING CASE *2**

1981)), *overruled in part by Lacey*, 693 F.3d at 928 (any claim voluntarily dismissed are waived if not re-pled). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

### PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff asserts violations of his due process rights under the Fourteenth Amendment to the U.S. Constitution, presumably under 42 U.S.C. § 1983. He presents conclusory allegations that his due process rights were violated by Franklin County. Plaintiff has not presented a cognizable due process claim.

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). In this case, the Court has provided Defendant three opportunities to amend the Complaint to state a claim upon which relief can be granted. The Court finds further amendment would be futile.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Third Amended Complaint, ECF No. 26, is **DISMISSED**.

2. Plaintiff's Motion for Immediate Injunctive Relief, ECF No. 26, is **DENIED as moot**.

3. The District Court Executive is directed to **CLOSE** the case.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to pro se Plaintiff.

**DATED** this 16th day of November 2022.

Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CASE *3**